UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

WHITE STAR PAINTING CO, INC.      Chapter 7
    Case No. 16-44457-mar
    Hon. Mark A. Randon

                Debtor(s)
_____/

KENNETH A. NATHAN, TRUSTEE,      A.P. #

    Plaintiff,

V

CHRISTIAN FINANCIAL CREDIT UNION,

    Defendants.
_____/

## COMPLAINT

The Chapter 7 Trustee, Kenneth A. Nathan, by his counsel, OSIPOV BIGELMAN, P.C., and for his Complaint, states as follows:

### Jurisdiction

1. This is an adversary proceeding in bankruptcy brought by Plaintiff pursuant to Bankruptcy Rules 4004 and 7001, seeking to recover an avoidable fraudulent transfer pursuant to Section 544, 548 and 550.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J) over which this court has jurisdiction pursuant to 28 U.S.C. §§1334 & 157(b)(1).

### General Allegations

3. Kenneth A. Nathan ("the Trustee" or "Plaintiff") is the duly appointed Chapter 7 Trustee in the Debtor's bankruptcy case.

4. The Debtor filed its bankruptcy petition on March 25, 2016.

5. Gjon Berishaj and Paljoka Berishaj are the owners/principals of the Debtor company.

6. Gjon Berishaj and Paljoka Berishaj are insiders of the Debtor company as defined by the Bankruptcy Code.

7. Gjon Berishaj had a Christian Financial Credit Union credit card, Account # Ending 1225 ("Credit Card Account").

8. Gjon Berishaj caused the Debtor company to make payments on his Credit Card Account.

9. The Debtor company made the following transfers on his Credit Card Account ("Transfers"):

| CHRISTIAN FINANCIAL CU | |
|---|---|
| Account # 1225 | |
| Gjon Berishaj | |
| | |
| DATE | AMOUNT |
| 12/7/2015 | $2,000.00 |
| 11/7/2015 | $2,000.00 |
| 9/14/2016 | $1,000.00 |
| 7/7/2015 | $2,000.00 |
| 4/30/2015 | $1,000.00 |
| | |
| TOTAL | $8,000.00 |

## Count I

## Avoidance of Fraudulent Transfers

10. The Plaintiff incorporates by reference all prior paragraphs.

11. The Debtor received less than a reasonably equivalent value in exchange for the Transfers and (1) was insolvent on the date of the Transfers, or became insolvent as a result of the Transfers; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or (3) intended to incur or believed that it would incur debts that would be beyond its ability to pay as such debts matured. 11 U.S.C. § 544(b) & M.C.L. §§ 566.34(1)(b), 566.35(1) and 566.37(1).

12. The Transfers are avoidable and recoverable from the Defendant by Plaintiff as Fraudulent Transfers pursuant to Sections 544(b) and 550(a) of the Bankruptcy Code and Sections 566.34(1)(a) & (b), 566.35(1) and 566.37 of the Michigan Uniform Fraudulent Transfer Act.

WHEREFORE, the Trustee requests that this Court enter Judgment in his favor and against the Defendant, in an amount not less than $8,000.00, in addition to costs, interest, and attorney's fees.

### Count II

### Claim Disallowance: 11 U.S.C. § 502(d)

13. The Plaintiff incorporates by reference all prior paragraphs.

14. The Transfers are avoidable.

15. The Defendant is the recipients of the Transfers.

16. The Transfers are recoverable under 11 U.S.C. § 550.

17. Despite request, the Defendant has not returned the avoidable Transfers.

18. Any present or future claims of Defendant against Debtor's estate should be disallowed under 11 U.S.C. § 502(d).

WHEREFORE, the Trustee requests that pursuant to 11 U.S.C. § 502(d), the Court disallow any present or future claims Defendant may have against Debtor's estate.

Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

Date: September 14, 2017

/s/ Jeffrey H. Bigelman
JEFFREY H. BIGELMAN (P61755)
Attorneys for Trustee
20700 Civic Center Drive, Suite 420
Southfield, MI 48076
Phone: (248) 663-1800 / Fax: (248) 663-1801
E-mail: jhb_ecf@osbig.com